IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL LEE HOULE,

    Plaintiff,                            CV F 05 1604 OWW WMW PC

    vs.                                 ORDER GRANTING
                                         LEAVE TO FILE AN
                                         AMENDED COMPLAINT

C/O JIMENEZ, et al.,

    Defendant.

      Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      This action proceeds on the complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Pleasant Valley State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at Pleasnt Valley State Prison. Plaintiff names the following indivdual defendants: Sergeant Nelson; Correcitional Officer (C/O) Jimenez; C/o Molivis; Lieutenant Lubken.

      Plaintiff's statement of claim, in its entirety, follows:

> In the month of June I was 'attacked' and 'punched' in the face by C.O. M. Olivis at P.V.S.P., CA. This is while I was in leg irons - handcuffed to a waist chain. Taped up. It was done to 'inflict bodily harm' and also out of malice. C.O. J. Jimenez laughed

about it as C.O. M. Olivis was making racial slurs and threatening comments.

As to C/O Olivis, Plaintiff states claim for excessive force. Plaintiff has alleged facts which, taken as true, indicate that C/O Olivis subjected Plaintiff to excessive force in violation of the Eighth Amendment's prohibition of cruel and unusual punishment.

As to C/O Jimenez, allegations of mere verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

As to the remaining defendants, the Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The proscription applies to the states through the Due Process Clause of the Fourteenth Amendment. Robinson v. California, 370 U.S. 660 (1962). Prison brutality is part of the total punishment to which the individual is being subjected for his crime and, as such, is a proper subject for Eighth Amendment scrutiny. Ingraham v. Wright, 430 U.S. 651, 669, (1977). The Eighth Amendment is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions and serves as the primary source of substantive protection to convicted prisoners in cases where the deliberate use of force is challenged as excessive and unjustified. Whitley v. Albers, 475 U.S. 312, 327,(1986); see also Graham v. Connor, 490 U.S.386, 392 n.10 (1989).

To constitute the "unnecessary and wanton infliction of pain" in the prison context, the United States Supreme Court requires that both the objective and subjective component of the Eighth Amendment be satisfied. Wilson v. Seiter, 501 U.S. 294 (1991). First, the deprivation complained of must be sufficiently serious by objective standards. Id. 501 U.S. at 297. A deprivation is sufficiently serious if it denies "'the minimal civilized measure of life's necessities.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981) (violation requires showing of unnecessary and wanton infliction of pain resulting in a physical injury which is of

such base, inhumane and barbaric proportions as to shock the sensibilities)).  See Hudson v. McMillian, 503 U.S.1,(1992) (objective prong not met where injury is de minimus); but see, Jordan v. Gardner, 986 F.2d 1521 (9th Cir. 1993) (Hudson substantial injury requirement met by psychological harm alone, such that body searches of female inmates by male guards constitutes cruel and unusual punishment).

Second, the prison officials responsible for the deprivation must act with a sufficiently culpable state of mind by subjective standards.  Id.  To be sufficiently culpable, "the offending conduct must be wanton."  Wilson, 501 U.S. at 299.  In situations where officials are not acting under pressure, "deliberate indifference" constitutes wantonness.  Id. at 299-300.   Where a prison security measure is undertaken to resolve a disturbance, the question of whether the measure taken inflicted unnecessary and wanton pain and suffering in violation of the Eighth Amendment turns on whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm.  Whitley v. Albers, 475 U.S. 312, 320-21 (1986).

Plaintiff has not charged any conduct to the remaining defendants, nor has Plaintiff alleged any facts indicating that the remaining defendants subjected Plaintiff to excessive force, as that term is defined above.  These defendants should therefore be dismissed.

The Court will grant Plaintiff leave to file an amended complaint to correct the defects identified in the original complaint.  If plaintiff chooses to proceed on the original complaint, the court will send to Plaintiff the forms for service of process upon Defendant Molivis.  The remaining defendants will be dismissed.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."

IT IS SO ORDERED.

**Dated:   March 25, 2008**               **/s/  William M. Wunderlich**
                                          UNITED STATES MAGISTRATE JUDGE