IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL LEE HOULE,

         Plaintiff,                       CV F 05 1604 OWW WMW PC

         vs.                           FINDING AND RECOMMENDATION

C/O JIMENEZ, et al.,

         Defendant.

Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

This action proceeds on the complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Pleasant Valley State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at Pleasnt Valley State Prison.   Plaintiff names the following indivdual defendants:  Sergeant Nelson; Correcitional Officer (C/O) Jimenez; C/o Molivis; Lieutenant Lubken.

Plaintiff's statement of claim, in its entirety, follows:

> In the month of June I was 'attacked' and 'punched' in the face by
> C.O. M. Olivis at P.V.S.P., CA.  This is while I was in leg irons -
> handcuffed to a waist chain.  Taped up.  It was done to 'inflict
> bodily harm' and also out of malice.  C.O. J. Jimenez laughed
> about it as C.O. M. Olivis was making racial slurs and threatening
> comments.

In an order entered on March 25, 2008, the court noted that as to C/O Jimenez, allegations of  mere verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

As to the remaining defendants, the Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The proscription applies to the states through the Due Process Clause of the Fourteenth Amendment.  Robinson v. California, 370 U.S. 660 (1962).  Prison brutality is part of the total punishment to which the individual is being subjected for his crime and, as such, is a proper subject for Eighth Amendment scrutiny.  Ingraham v. Wright, 430 U.S. 651, 669, (1977).  The Eighth Amendment is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions and serves as the primary source of substantive protection to convicted prisoners in cases where the deliberate use of force is challenged as excessive and unjustified. Whitley v. Albers, 475 U.S. 312, 327,(1986); see also Graham v. Connor, 490 U.S.386, 392 n.10 (1989).

To constitute the "unnecessary and wanton infliction of pain" in the prison context, the United States Supreme Court requires that both the objective and subjective component of the Eighth Amendment be satisfied.  Wilson v. Seiter, 501 U.S. 294 (1991).  First, the deprivation complained of must be sufficiently serious by objective standards.  Id. 501 U.S. at 297.  A deprivation is sufficiently serious if it denies "'the minimal civilized measure of life's necessities.'"  Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981) (violation requires showing of unnecessary and wanton infliction of pain resulting in a physical injury which is of such base, inhumane and barbaric proportions as to shock the sensibilities)).  See Hudson v. McMillian, 503 U.S.1,(1992) (objective prong not met where injury is de minimus); but see, Jordan v. Gardner, 986 F.2d 1521 (9th Cir. 1993) (Hudson substantial injury requirement met by

1   psychological harm alone, such that body searches of female inmates by male guards constitutes

2   cruel and unusual punishment).

3       Second, the prison officials responsible for the deprivation must act with a sufficiently

4   culpable state of mind by subjective standards.  Id.  To be sufficiently culpable, "the offending

5   conduct must be wanton."  Wilson, 501 U.S. at 299.  In situations where officials are not acting

6   under pressure, "deliberate indifference" constitutes wantonness.  Id. at 299-300.   Where a

7   prison security measure is undertaken to resolve a disturbance, the question of whether the

8   measure taken inflicted unnecessary and wanton pain and suffering in violation of the Eighth

9   Amendment turns on whether force was applied in a good faith effort to maintain or restore

10  discipline, or maliciously and sadistically for the purpose of causing harm.  Whitley v. Albers,

11  475 U.S. 312, 320-21 (1986).

12      Plaintiff has not charged any conduct to the remaining defendants, nor has Plaintiff

13  alleged any facts indicating that the remaining defendants subjected Plaintiff to excessive force,

14  as that term is defined above.  These defendants should therefore be dismissed.

15      Plaintiff was advised that as to C/O Olivis, Plaintiff stated a claim for excessive force.

16  Plaintiff failed to state a claim as to the remaining defendants.  Plaintiff was granted leave to file

17  an amended complaint to correct the defects identified in the original complaint.

18      Plaintiff failed to file an amended complaint.  Accordingly, IT IS HEREBY

19   RECOMMENDED that Defendants Jimenez, Nelson, Lubken  and California Department of

20  Corrections and Rehabilitation be dismissed.

21      These findings and recommendations are submitted to the United States District Judge

22  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days

23  after being served with these findings and recommendations, any party may file written

24  objections with the court and serve a copy on all parties.  Such a document should be captioned

25  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

26

1   shall be served and filed within ten days after service of the objections.   The parties are advised

2   that failure to file objections within the specified time waives all objections to the judge's

3   findings of fact.   See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).   Failure to file

4   objections within the specified time may waive the right to appeal the District Court's order.

5   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

6

7

8

9

10   IT IS SO ORDERED.

11   **Dated:    April 28, 2008**                              **/s/  William M. Wunderlich**
                                                                                UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26